# Aspinall *v.* Viney, Appellant.

*Bill of exchange — Presentation—Delay — Negligence—Acceptance of notes—Lunacy.*

In an action against the administrator of the drawer of an order, it appeared that the plaintiff did not present the order to the drawees for some weeks, and that when he did so the drawees accepted it, but provided that it should not be paid until after the completion of a certain contract. The drawer wrote to the plaintiff suggesting that he should take notes from the drawee instead of relying upon the acceptance of the order. The plaintiff took the notes, which were never paid. There was evidence that the drawees were in failing circumstances during the whole course of the transaction, but the evidence was not definite as to whether the plaintiff knew this. There was also evidence that the drawer was insane at the time he wrote the letter to the plaintiff, but there was no evidence that plaintiff knew this. The court charged that plaintiff was bound to present the order " in what a prudent business man of reasonable intelligence would say was a reasonable time," and left the question of reasonable time to the jury. *Held,* that the instruction was proper.

Argued April 29, 1903. Appeal, No. 72, Jan. T., 1903, by defendant, from judgment of C. P. No. 4, Phila. Co., March T.,

1899, No. 1325, on verdict for plaintiffs, in case of William Aspinall et al., trading as Aspinall & Hayes, to use of Thomas McCullough, v. Emily W. Viney, Administratrix of William Viney, Deceased. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for balance of account. · Before WILLSON, J.

At the trial it appeared that William Viney gave to Thomas McCullough an order for $3,000, as follows :

"Bryn Mawr, Pa., June 30, 1898. J. W. Mercur & Company. Please pay to the order of Thomas McCullough the sum of $3,000 and charge the same to my account for stone and brick work, etc., at the Broadway M. E. Church, Camden, New Jersey. Signed, William Viney."

Mercur & Company accepted the order, but stipulated that it should not be paid "until after the completion of the contract." On July 29, 1898, Viney wrote to McCullough the following letter :

"Mr. Thomas McCullough—Dear Sir : I write a line to you in regard to the order you hold from me on Mercur & Co. I have been thinking that it might be better if you took a note from them for the amount of the order and deposit it in your bank for collection when it becomes due, and if they did not pay the note, it seems to me it would be better to sue them on the note than the order. I heard yesterday that some of the people doing the work on the asylum are stopping the work on account of not getting paid. Yours truly,

"WILLIAM VINEY."

The order was accepted some time before the above letter was written, but the evidence as to the exact date was not definite. The work on the contract was completed July 25, and in a settlement made about that time between Mercur & Company and Viney, Mercur & Company claimed credit for $3,000, not because they paid the money, but because they had accepted the order. McCullough subsequently accepted notes from Mercur & Company. These notes were never paid. ·There was evidence that at the time the letter from Viney to McCullough was written Viney was insane. There was no evidence, however, that McCullough knew of this.

The court charged in part as follows :

[I do not know that it could properly be said that a man who received an order of that sort, when he knows nothing to put him on guard, when he knows nothing to indicate that the man on whom the order is given is in precarious financial circumstances, is bound to present it at once.] [5] [He should present it in what a prudent business man, a man of reasonable intelligence, would say was a reasonable time.] [6]

Verdict and judgment for plaintiff for $8,103.57. Defendant appealed.

*Errors assigned* among others were (5, 6) above instructions, quoting them.

*W. Henry Sutton,* for appellant.

*Avery D. Harrington,* for appellee.

PER CURIAM, May 25, 1903:

The turning point in the case was whether McCullough's delay in presenting the order for payment, and his acceptance of notes instead of the money when he did present it, amounted to such negligence as should discharge the drawer of the order. This, however, was not a simple question of law as the appellant presents it. The order was not accepted by Mercur & Company for immediate payment, but as Mercur testified not to be paid " until after the completion of the contract." That involved the question of indefinite time. In regard to taking notes instead of insisting on money, the defendant Viney himself suggested that course in the letter of July 29. The case is still further complicated at this point by the claim that Viney was insane when he wrote that letter. The result of all the evidence was practically to eliminate the application of any general rules of law, and reduce the whole controversy to one of fact which was correctly submitted in the instruction that McCullough was bound to present the order " in what a prudent business man, of reasonable intelligence, would say was a reasonable time," and the direction to the jury to determine the question of his negligence by that standard.

Judgment affirmed.